**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**LYNVONNE EKIE HOLMES   ,**

    **Plaintiff,**

v.                                                                                              Case No: 5:14-cv-280-Oc-PRL

**COMMISSIONER OF SOCIAL SECURITY**

    **Defendant.**

## ORDER

This case is before the Court for consideration of Plaintiff's counsel's Unopposed Request for Authorization to Charge a Reasonable Fee pursuant to 42 U.S.C. § 406(b).  (Doc. 23). Petitioner Richard A. Culbertson requests authorization to charge his client, Plaintiff Lynvonne Ekie Holmes, a reasonable fee for federal court representation in the amount of $5,683.66.

On August 25, 2015, the Court entered an order pursuant to sentence four of 42 U.S.C. § 405(g) reversing and remanding the case to the Social Security Administration for further proceedings. (Doc. 19).  Judgment was entered accordingly.  (Doc. 20).  Subsequently, the Court entered an order awarding attorney's fees to Plaintiff under the Equal Access to Justice Act ("EAJA") in the sum of $3,420.59.  (Doc. 22).  Ultimately, on remand, Plaintiff was awarded benefits from November 2012.  (Doc. 23-2).  According to the Notice of Award, the total amount withheld for attorneys' fees was $9,104.25.  (Doc. 23-2).

Plaintiff's counsel now requests that the Court enter an Order authorizing $5,683.66 in attorney's fees.  Plaintiff's counsel also states that, due to an error in the Commissioner's Office of Central Operations, it was mistakenly believed that a fee petition had been filed and approved

at the administrative level. Counsel for the Defendant has indicated that he does not object to Plaintiff's request if the Court's order explicitly conditions the release of the amount requested from the claimant's past due benefits on Mr. Culbertson's return of the $6,000.00 that he erroneously received in fees pursuant to 42 U.S.C. § 406(a). In support of the motion, Petitioner has provided the fee agreement. (Doc. 23-1).

Under 42 U.S.C. § 406(b)(1), an attorney, as here, who successfully represents a Social Security claimant in court may be awarded as part of the judgment "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits" awarded to the claimant. The fee is payable "out of, and not in addition to, the amount of [the] past-due benefits." 42 U.S.C. Sec 406(b)(1). As required by *Gisbrecht v. Barnhardt,* 535 U.S. 789, 808 (2002) - the Supreme Court's pronouncement concerning the award of 406(b) fees - courts should approach contingent-fee determinations by first looking to the agreement between the attorney and the client, and then testing that agreement for reasonableness. "A contingent-fee agreement is not per se reasonable. Deference should be given, however, to the 'freely negotiated expression both of a claimant's willingness to pay more than a particular hourly rate ... and of an attorney's willingness to take the case despite the risk of nonpayment." *Joslyn v. Barnhart*, 389 F.Supp.2d 454, 456 (W.D. N.Y. 2005). As such, when a court is called upon to assess the reasonableness of the award, a court should balance the interest in protecting claimants from inordinately large fees against the interest in ensuring that attorneys are adequately compensated so that they continue to represent clients in disability benefits cases. *Gisbrecht*, 535 U.S. at 805. In making this reasonableness determination, the Supreme Court highlighted several important factors including: (1) whether the requested fee is out of line with the "character of the representation and the results the representation achieved;" (2) whether the attorney unreasonably delayed the proceedings in an

attempt to increase the accumulation of benefits and thereby increase his own fee; and (3) whether "the benefits awarded are large in comparison to the amount of time counsel spent on the case," the so-called "windfall" factor.  *Id.* at 808.

Here, the Court finds that the requested attorney's fees are reasonable.  The requested fee will not result in a windfall for counsel – i.e., that counsel is receiving compensation he is not entitled to and that payment of the compensation would be unfair or detrimental to Plaintiff.  The Court notes that this has been a lengthy case, involving appeal and remand.  Further, the Commissioner does not oppose the attorney fee award requested by Plaintiff on the explicit conditions stated.

Plaintiff's counsel has already been granted an award of attorney fees under the EAJA in the amount of $3,420.59.  (Doc. 22).  Consequently, counsel's request of $5,683.66 is the difference between $3,420.59, the previously awarded EAJA fee, and $9,104.25, the total amount withheld of the past-due benefits.  Thus, to effectuate payment of his fee in the proper amount, Petitioner requests a reduced amount of 406(b) fees to account for the previously awarded EAJA fees, which is a procedure that has been approved by the Eleventh Circuit.  *See Jackson v. Comm'r of Soc. Sec.,* 601 F.3d 1268. 1274 (11th Cir. 2010).

Accordingly, for these reasons, the Motion (Doc. 23) for Attorneys' Fees Under 42 U.S.C. § 406(b) is **GRANTED**.  **Section 406(b)(1) fees are approved for Petitioner Richard Culbertson, in the net amount of $5,683.66**, to be paid out of Plaintiff's past due benefits currently being withheld by the Social Security Administration.  This net attorney fee award represents the sum of $9,104.25 (the amount withheld to pay an approved representative's fee) minus $3,420.59 (the EAJA fees that previously were awarded to counsel by this Court).  Further, release of the amount requested from the claimant's past due benefits is conditioned upon Mr.

Culbertson's return of the $6,000.00 that was erroneously received due to the Commissioner's clerical error.

**DONE** and **ORDERED** in Ocala, Florida on August 26, 2016.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties